**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL ESPINOZA MENDOZA, | No. 1:26-cv-00702 JLT EPG (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING BEFORE IMMIGRATION JUDGE, AND DIRECTING CLERK OF COURT TO CLOSE CASE |
| v. | |
| KRISTI NOEM, et al., | |
| Respondents. | |
| | (Docs. 1, 17) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 11, 2026,[1] the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted and Petitioner be provided with a bond hearing before an immigration judge. (Doc. 17.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.* at 16.) The Court further warned the parties "that failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).) On April 1, 2026, Respondents filed untimely objections.[2] (Doc.

---

[1] The findings and recommendations were signed on March 10, 2026, but not docketed until March 11, 2026.

[2] The objections, filed seven days late without explanation, reiterate previous arguments and point to

1

18.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on March 11, 2026 (Doc. 17) are **ADOPTED IN FULL**.

2. The petition for writ of habeas corpus is **GRANTED**.

3. Respondents are directed to provide Petitioner with a bond hearing before an immigration judge to be held **within 30 days** that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which

   a. "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Singh*, 638 F.3d at 1203, and

   b. the IJ should consider Petitioner's financial circumstances or alternative conditions of release in the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.

4. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:  __**April 6, 2026**__                          _____
                                                       UNITED STATES DISTRICT JUDGE

recently decided out of circuit authority. Notwithstanding the unexcused late filing, the Court has considered the objections in an abundance of caution.

2